No. 26,399.

THE COMMERCE TRUST COMPANY, *Appellant,* v. JESSIE M. DERN and B. F. DERN, *Appellees.*

SYLLABUS BY THE COURT.

CREDITORS' SUITS—*Evidence—Sufficiency.* The evidence is held sufficient to sustain findings for the defendants in an action in the nature of a creditor's bill.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed January 9, 1926. Affirmed.

*S. S. Alexander,* of Kingman, for the appellant.
*Clark A. Wallace,* of Kingman, for the appellees.

The opinion of the court was delivered by

MASON, J.: On August 10, 1922, the Commerce Trust Company obtained a judgment against B. F. Dern on six notes for $200 each, dated June 16, 1920. On July 5, 1923, it brought this action against Dern and his wife to subject to the payment of its judgment property transferred by him to her. It was denied relief, and appeals.

According to the findings of fact, which were based upon sufficient evidence, in June, 1919, Dern and his wife owned 200 acres of land, 150 acres being in his name and 50 in hers. At that time an opportunity occurred for a sale of the entire tract for $16,000. Dern was desirous of selling, but his wife was averse to it. The sale was

Creditor's Suits, 15 C. J. p. 1429 n. 82.  Trial, 38 Cyc. p. 1945 n. 32.

agreed to upon condition that the proceeds of the land and also some personal property were to be divided between them in equal shares, and that she was to receive the title to some town property jointly owned by them, which was to be remodeled at his expense.

The judgment is clearly unassailable so far as concerns this transaction, which took place before the plaintiff's debt accrued and before Dern became insolvent, was supported by sufficient consideration, and was not tainted with any purpose to defraud.

A general finding against actual fraud is supported by these specific ones: In June, 1920, Dern purchased a ten-acre tract of land in Texas for $4,000, which he paid in cash. He was then induced to take an adjoining tract at the same price, giving vendor's lien notes upon both tracts for that amount, several of which passed into the hands of the plaintiff and form the basis of its judgment. He was told, and he and his wife believed, that the land was abundant security and that the second tract would soon be sold for enough to pay all the notes; and neither of them supposed an attempt would be made to hold him personally, until they were placed in the hands of an attorney, shortly before he was sued upon part of them by the plaintiff, August 10, 1922.

On July 2, 1921, Dern conveyed to his wife his interest in some town lots the title to which had stood in both their names, and later in the same month gave her a check for $2,500. The plaintiff contends that these transfers were without consideration and were invalid as against the claim regardless of any question of intent to defraud. The court, however, found that the transfers were in pursuance of an agreement made between the husband and wife before the sale of the farm property, and to offset and equalize her interest in the personal property sold by them and her own personal property. The plaintiff attacks these findings as without support in the evidence. Mrs. Dern testified: "I received the check as my part of the property that hadn't been divided and the deed as the fulfillment of the agreement." "Why, it [the receipt of the check and deed] was to fulfill our contract." There was evidence that she had had some money in her own right. Neither she nor her husband were able to give a full statement in detail as to the adjustment that had been made between them. Their failure in this regard, however, does not wholly destroy the effect of the quoted testimony, but merely goes to its credibility—a matter determined by the trial court.

The judgment is affirmed.