No. 41,200

HOWARD B. FINE, *Appellee*, v. TELEPHONE & POWER SUPPLY CO., INC., A Corporation, *Appellant*.

(345 P. 2d 616)

Opinion filed November 7, 1959,

*William L. Rees*, of Topeka, argued the cause, and *Hall Smith*, of Topeka, and *Lyle L. Robertson*, of Washington, D. C., were with him on the briefs for appellant.

*Ernest J. Rice*, of Topeka, argued the cause, and *Richard R. Funk*, of Topeka, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The plaintiff, Howard B. Fine, commenced two actions in the district court; one against the Neale Construction Company, Inc., and the other against the appellant, the Telephone &

Power Supply Co., Inc., to recover certain salary and expense money. The actions were tried together, and the trial court made findings of fact and conclusions of law in the case of *Fine v. Telephone & Power Supply Co., Inc.* and entered judgment for the plaintiff. This appeal involves the latter case only.

It is unnecessary to set forth the pleadings of the parties except to say that the plaintiff alleged the defendant Telephone & Power Supply Co., Inc. (telephone company) was indebted to him for salary and wages in the amount of $1,750, representing seventeen and a half months' employment at $100 a month, which indebtedness was denied by the telephone company, and it alleged that plaintiff was an officer and director of the company and that he and other officers agreed to cancel and relinquish all salaries and claims for service and reimbursement for expenses incurred by them after May 31, 1953, and until the financial condition of the company improved which had not occurred at the time of plaintiff's resignation on November 15, 1954. It was also alleged plaintiff was indebted to defendant in the sum of $152.34 for goods and merchandise.

A summary of the evidence follows. Dory J. Neale, Senior, and B. Ellen Neale, his wife, were the principal stockholders of the Neale Construction Company, Inc., and the defendant telephone company. Neale was president and Mrs. Neale was secretary of both companies.

In the early part of 1952, Fine, a man with 20 years experience in the telephone industry, investigated the Neale Construction Company, Inc. (construction company) preparatory to investing $27,000 in it. Following his investigation of the books of the construction company, and in March, 1952, Fine invested $25,000 in cash and assigned to it a jeep trencher machine worth $2,000. As a result of this investment, Fine commenced work for both the construction company and the telephone company, although he did not invest in the telephone company at that time. He was employed full time by the construction company at a salary of $685 a month, and was elected a director and made third vice president of the telephone company at a salary of $10 a month.

Plaintiff fulfilled a number of duties for the telephone company: he hired and helped to train new personnel; assisted in the office; made public relation contacts with contractors, and perhaps most important, he spent three months total time preparing a quotation

or a type of sales catalogue which was used extensively by the telephone company and was used continuously following his resignation on November 15, 1954.

On May 8, 1953, Fine's salary as vice president of the telephone company was increased to $100 a month retroactive to June 1, 1952. When that salary was paid to him in July, 1953, he used the $1,200 to purchase stock in the telephone company.

On March 31, 1954, at Neale's direction, all accrued officers' salaries in the amount of $2,880 were canceled on the general journal of the telephone company. That figure represented total salaries due officers, including plaintiff's salary of $100 a month, from June 1, 1953, to March 1, 1954. There is nothing in the record to indicate that Neale's action was the result of a meeting of the directors or officers of the telephone company. On the contrary, the record indicates his action was prompted by a letter from the telephone company's accountants.

Neale testified that in March, 1954, he and Fine agreed to cancel all officers' salaries retroactive to June 1, 1953, and to discontinue future salary payments until the telephone company's capital and credit improved. Fine denied that he agreed with Neale to cancel his salary, but admitted that about April 4, 1954, Neale told him the board of directors of the telephone company had discontinued officers' salaries. However, the record indicates the board of directors did not take formal action on the salary matter until December 28, 1954, after Fine had resigned from the board of directors on November 15, 1954. At that meeting the following resolution was adopted to ratify the purported agreement of officers and directors to serve without salaries:

"RESOLVED, that verbal agreement of the Directors and Officers, to serve without salary in previous year, to continue for corporate year 1954, or such time as corporation shows a reasonable profit."

The trial court found, among other things, that plaintiff was an employee of the telephone company; that there was no agreement entered into between the plaintiff and the defendant whereby plaintiff agreed to cancel all or any part of his wages or expenses owed him by the defendant, and that the defendant was entitled as a set-off against the amount owed from the defendant to the plaintiff the sum of $152.34. In harmony with its findings the trial court entered judgment in favor of the plaintiff for $1,597.66 with interest at 6 percent. Following the overruling of its motions for

a new trial and to vacate the judgment, the defendant telephone company perfected this appeal.

The defendant's nine specifications of error were consolidated in its brief and argued under two principal points: First, that the trial court erred in its finding of fact that (a) plaintiff was an employee of the defendant, and (b) no agreement was made to cancel the officers' salaries; and second, that plaintiff is estopped to assert his salary claim to the prejudice of other stockholders and creditors of the defendant.

In reviewing this record we conclude the case must be decided upon whether there was substantial evidence to support the trial court's finding that there was no agreement entered into between plaintiff and defendant whereby plaintiff agreed to cancel all or any part of wages or expenses owed to him by the defendant. This is particularly true in view of the testimony of Neale, president of the telephone company and its principal witness, that the only reason Fine should not recover was because he had agreed to cancel his claim for salary and reimbursement for expenses until the financial condition of the company had improved and that it had not improved prior to Fine's resignation.

In this connection Neale testified that the telephone company was operating at a loss; that it needed working capital and did not have funds to pay salaries; that in March, 1954, he and Fine agreed to cancel all accruals of officers' salaries retroactive to June 1, 1953, and to discontinue future salary payments until the company's credit could be improved; that appropriate entries were made on the company's books under the direction of its accountants, and that the financial condition of the company had worsened since 1954. On the other hand, Fine testified that Neale told him the board of directors had discontinued officers' salaries, but he denied any agreement with Neale to cancel and waive his claim for salary at $100 a month and for reimbursement for expenses.

The trial court heard the testimony and observed the witnesses, and in its letter to counsel indicating it was rendering judgment in favor of the plaintiff, said:

". . . After getting into the record of this case it finally resolved itself into a question of whether or not the parties had entered into an agreement to cancel and forego certain wages and expenses owed by the defendant to the plaintiff. On this question the plaintiff testified and the defendant testified. There is no other evidence which I consider competent upon which I can determine the fact as to whether or not such contract was entered into; the wit-

ness for the defendant claims that such contract was entered into and the plaintiff denies any such contract. The burden of proof being upon the defendant on this issue, I have resolved that issue in favor of the plaintiff, and for that reason am entering the judgment as indicated by the enclosed Findings of Fact and Conclusion of Law."

During the examination of Neale, the court had the following colloquy:

"The Court: Now, Mr. Neale, were you pretty well acquainted with Mr. Fine at the time he was with your company? A. I just had a very casual acquaintance. The Court: What I mean is, did you know anything about his financial standing? A. No, his personal finances, well, I take that back, sir, we did have a financial statement from Mr. Fine which he presented us with when we were trying to get a small business loan and that was, they required a personal statement of Mr. Fine, myself and Mrs. Neale. The Court: What I am leading up to, did you know whether or not Mr. Fine had any independent income other than his salaries from the company? A. No, I had no way of knowing whether he had or not. The Court: Was there any discussion between you how this man was going to live during all these months without a salary and keep on working? You can answer yes or no. A. I think that was probably discussed to some extent. The Court: Did he tell you where he was going to get everyday living expenses? A. No. The Court: Or where he was going to get the money that he was advancing for expenses for the company and which he was waiving? A. No. The Court: That was never gone into? A. He never told me that, sir. . . ."

While this interrogation may have had an effect on the trial court's findings, it was the function of the trial court to weigh Neale's testimony together with all other testimony and evidence shown by the record that had any bearing upon the question. As trier of the facts, it is the province and duty of the court to determine what weight and credence is to be given the testimony of the witnesses on both sides (*Collins v. Hayden*, 104 Kan. 351, 179 Pac. 308; *Commerce Trust Co. v. Dern*, 120 Kan. 135, 242 Pac. 131; *In re Estate of Grobbe*, 167 Kan. 640, 654, 208 P. 2d 243). Appellate courts cannot determine from the cold records submitted the persuasiveness of testimony which a trial court may have believed. The demeanor of a witness may be, and sometimes is, most persuasive. In the instant case there was substantial evidence to support the finding that Fine made no agreement to cancel wages or expenses owed to him by the defendant, and we cannot say the trial court erred upon that question.

We think it immaterial to the decision in this case that the trial court found the plaintiff to be an employee of the telephone company. During the period in question, he was a member of the

board of directors, and, under the trial court's finding, was entitled to the wages and salary due him.

The defendant lastly contends that plaintiff was estopped to assert his claim for wages and salary. We do not agree. We have no quarrel with the authorities cited concerning the fiduciary status of directors and officers of corporations that they may not utilize the knowledge gained from their official positions or the power they have as members of the board to gain an undue advantage over other creditors; that they may not misappropriate its assets, but must use every honorable means to enhance its general interest for the special advantage of the stockholders and creditors; that in dealing with the corporation, they must give it the benefit of their careful and best judgment and must exercise the highest and most scrupulous good faith, and that self-interest must be sacrificed for the corporate good. While those principles are sound and we adhere to them, they are not applicable to the facts and circumstances presented by the record. An officer's right to a salary, like any other known right, may be waived, if such clearly appears to have been his intention (Fletcher Cyc. Corp. Perm. Ed., Vol. 5, § 2145, p. 606). But, Fine's knowledge of Neale's statement that officers' salaries had been canceled is no indication of his acquiescence in the cancellation made solely at Neale's direction. Moreover, the payment of a corporate officer's salary, where it is not a device to defeat other stockholders and creditors, is not a misappropriation of the corporate assets. Here, Fine was authorized payment of salary at $100 a month, and, until such time as that claim was satisfied, or he waived his right to it, it was an enforceable claim against the telephone company. And, as we have seen, the trial court's finding that Fine did not agree to waive or forego his claim for salary and reimbursement for expenses was supported by substantial evidence and will not be disturbed on appellate review.

It not having been made to affirmatively appear that the trial court erred in any respect, the judgment in favor of the plaintiff is affirmed.

It is so ordered.