No. 41,234

HOWARD B. FINE, *Appellee,* v. NEALE CONSTRUCTION CO., INC., A Corporation, *Appellant.*

(352 P. 2d 404)

Opinion filed May 14, 1960.

*William L. Rees*, of Topeka, argued the cause, and *Hall Smith*, of Topeka, and *Lyle L. Robertson*, of Washington, D. C., were with him on the briefs for the appellant.

*Ernest J. Rice*, of Topeka, argued the cause and *Richard R. Funk*, of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: The plaintiff, Howard B. Fine, brought two actions—one against the Telephone & Power Supply Co., and the other against the Neale Construction Co., Inc., to recover certain salary and expense money. The actions were consolidated and tried together in the trial court, and in each case judgment was rendered for plaintiff. Each of the defendants appealed, and in the first-mentioned case the judgment was affirmed in *Fine v. Telephone & Power Supply Co.*, 185 Kan. 383, 345 P. 2d 616.

This appeal is by the defendant, Neale Construction Co., Inc.

It is unnecessary to set forth the pleadings of the parties except to say that plaintiff alleged defendant company was indebted to him for salary and certain expenses. This indebtedness was denied by defendant, and it is claimed that plaintiff, who was an officer and director of defendant, agreed with other officers to cancel and relinquish all salaries and claims after a certain date and until improvement was shown in the financial condition of defendant.

Except for the differences in identity of parties defendant, dates and amounts involved, the record in this case parallels closely that in the telephone company case, above, and for that reason will not be detailed.

At the conclusion of the trial the court made findings of fact covering the matters in issue, and specifically found that at no time did plaintiff agree to cancel any part of his salary, wages or expense money owing by defendant. The conclusion of law was that plaintiff was entitled to judgment in the amount of $8,111.27.

Defendant's post-trial motions being overruled, it has appealed, and alleges ten assignments of error, most of which are in a sense collateral to the real basic question involved—namely, whether there was an agreement among the parties to cancel salaries.

In its brief defendant calls our attention to certain testimony and evidence in the record which tends to contradict the findings of the

trial court, and, while conceding the firmly-established rule hereafter mentioned, contends the record is devoid of any substantial evidence to support the trial court's findings.

No useful purpose would be served by detailing the evidence which would support findings contrary to those made, for in all cases where findings are supported by the evidence it is of no consequence on appeal that there may have been much contradictory evidence introduced which, if believed by the trial court, would have compelled entirely different findings of fact and an entirely different judgment. For a thorough discussion of this rule reference is made to *Bruington v. Wagoner*, 100 Kan. 439, 164 Pac. 1057, and see also *In re Estate of Guest*, 182 Kan. 760, 766, 324 P. 2d 184.

Much of that which was said and held in the telephone company case, above, applies with equal force to the matter before us. We have examined this record and, although the evidence was contradictory in many respects, nevertheless, it may not be said there was no substantial competent evidence to support the findings made. Defendant simply did not sustain the burden of convincing the trier of the facts of its contentions and theory of the case. Other matters argued in the briefs have been examined and considered but, in view of our conclusion, require no discussion. We find no error in the record and the judgment is therefore affirmed.