No. 42,123

ART S. WALZ, *Appellant*, v. HOYT TOMPKINS, as Executor of the Estate of A. R. Tompkins, Deceased, *Appellee*.

(360 P. 2d 868)

Opinion filed April 8, 1961.

Oscar Ostrum, of Russell, argued the cause, and *J. Eugene Balloun*, of Russell, and *Charles G. Dockhorn*, of Goodland, were with him on the briefs for the appellant.

Selby S. Soward and Bernard E. Whalen, both of Goodland, argued the cause, and *Max Jones*, of Goodland, was with them on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Plaintiff Art S. Walz, a resident of Goodland, commenced this action on April 21, 1958, against defendant A. R. Tompkins, a resident of the same city, by filing a petition in the district court of Sherman County to recover an amount claimed to be due him, upon an alleged mutual running account covering innumerable transactions beginning in August, 1942, and continuing without interruption until May, 1956, for sod breaking performed by plaintiff while a tenant on land owned by the defendant during a period from 1942 until sometime in 1947. A. R. Tompkins died soon after commencement of the action and it was later revived in the name of Hoyt Tompkins, as executor of his estate.

After joinder of issues, by pleadings not here in question, the cause was tried without a jury by the court which announced its decision in a Memorandum Opinion wherein it made findings of fact and conclusions of law; and then rendered judgment accordingly.

The Memorandum Opinion serves a threefold purpose in that it discloses the issues on which the case was tried, the trial court's findings of fact and its conclusions based on its findings. Therefore such opinion will be quoted at length. It reads:

### "MEMORANDUM OPINION

"This is a case in which the Plaintiff filed suit against the Defendant, A. R. Tompkins, and later revived it as against the Administrator. The case was tried in full to the Court.

The Plaintiff alleged and introduced evidence to establish a mutual running account between the parties, Art Walz and A. R. Tompkins. The Defendant denied the existence of a mutual running account and claimed a full settlement of all matters between the parties. The matter was submitted to the Court and taken under advisement, and briefs were furnished to the Court by both parties.

### "FINDINGS OF FACT

"1. The Plaintiff was unable to establish a mutual running account as between Art Walz and A. R. Tompkins. The Court finds that there was no mutual running account.

"2. The Plaintiff was unable to establish that any agreement was made that A. R. Tompkins, the deceased, was to pay the Plaintiff for sod breaking.

"3. In May of 1956 the parties effected a full and complete settlement and agreement which was executed on May 21, 1956, and the Plaintiff released A. R. Tompkins from all liability.

> "Conclusion
>
> "Because of the nature of the above Findings of Fact no Conclusions of Law are necessary. However, it might be added that in view of the Finding No. 1, that all items of sod breaking would be barred by the Statutes of Limitations since the last sod breaking claimed was done in 1947.
>
> "Based upon the above Findings and Conclusions, Judgment shall be entered for the Defendant on the 9th day of February 1960, and the costs assessed to the Plaintiff."

Following rendition of judgment for the defendant plaintiff filed a motion for a new trial, based on all grounds recognized by statute (G. S. 1949, 60-3001); a motion to set aside the findings, based on grounds that all such findings were contrary to the evidence; and a motion to substitute findings in line with his theory of the case. When these motions were overruled he perfected the instant appeal.

It will add nothing to the body of our law and of a certainty merely burden our reports to here labor the lengthy and somewhat tortured arguments made by counsel for the parties in connection with the appellate issues involved in this case. It suffices to say that when carefully reviewed in the light of the pleadings, the evidence, the findings and conclusions of the trial court, and the contentions advanced by the parties in support of their respective positions with regard to the status of the judgment, all of which have been given careful consideration, we are convinced the instant record discloses this is pre-eminently a fact case where the trial court, on the basis of conflicting but nevertheless substantial competent evidence, resolved, as was its province, all controverted factual issues joined by the pleadings, including those asserted by plaintiff as grounds for relief, in favor of the defendant and against the plaintiff. In such a situation the rule, so well-established as to require no citation of the decisions supporting it, is that the findings and conclusions of the trial court with respect to such factual issues cannot be disturbed and the judgment rendered in accord therewith is proper. (See West's Kansas Digest, Appeal & Error, §§ 1002, 1005; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 495, 496, 499.) In this connection, the controlling rule is stated in *Dennis v. Smith*, 186 Kan. 539, 352 P. 2d 405, which reads:

> ". . . On this point, the controlling rule is well stated in *Fine v. Neale Construction Co.*, 186 Kan. 537, 352 P. 2d 404, this day decided, where it was held:
>
> " 'Where findings of fact are attacked for insufficiency of evidence or as being contrary to the evidence, the supreme court's power begins and ends with the

determination whether there is any competent substantial evidence to support them, and where findings are so supported they are accepted as true and will not be disturbed on appeal, and in such a case it is of no consequence that there may have been much contradictory evidence adduced at the trial which, if believed by the trial court, would have compelled entirely different findings of fact and an entirely different judgment.' " (p. 546.)

And so here, since it clearly appears that the findings and conclusions made by the trial court with respect to the factual issues raised by the pleadings are supported by substantial competent evidence and preclude plaintiff from obtaining the relief sought in his petition, the judgment based on such findings and conclusions must be upheld.

In the face of the confronting facts and circumstances we find nothing in the record, or in contentions advanced by the plaintiff, to warrant or justify a reversal of the judgment. Therefore it is hereby affirmed.