No. 46,856

HENRY THIERER and NELLIE THIERER, *Appellants* and *Cross-Appellees*, THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GEARY, KANSAS, *Appellees* and *Cross-Appellants*.

(512 P. 2d. 343)

Opinion filed July 14, 1973.

*Geo. V. Allen,* of Lawrence, was on the brief for the appellants and cross-appellees.

*John H. Taylor,* county attorney, was on the brief for the appellees and cross-appellants.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal by plaintiffs, Henry and Nellie Thierer, from a decision of the trial court denying judgment for damages due to flooding and denying a mandatory injunction against the defendant county commissioners. Defendants cross-appeal from a mandatory injunction ordering them to provide access to plaintiffs' farm land by means of a suitable crossing over Thierer Branch of McDowell Creek.

Plaintiffs are owners and operators of a farm in Geary County, Kansas, through which meanders a stream. Their thirteen-acre tract of creek bottom land is protected from high water by a levee maintained by plaintiffs. In 1959, defendants caused the channel of Thierer Branch upstream from plaintiffs' land to be altered in connection with relocating a bridge and county road. Due

to drought conditions, plaintiffs noticed no immediate effect on their property. In 1962, the effect of the upstream alteration of the channel was first manifest when the levee broke and the thirteen-acre tract was partly flooded. They repaired the levee, but it was broken by high water and the field flooded again in 1966. Plaintiffs contend the flooding was due to the increased flow caused by re-channeling upstream.

Access to the thirteen-acre tract was gained by a low-water crossing from Davis Creek Road; that is, the crossing was not by bridge over the stream, but was made by turning off the road and driving through shallow water at a point where the stream bed had a rock-gravel bottom. Plaintiffs testified they first became aware that their low-water crossing was no longer passable by truck or other farm implement in 1966. The water at that place was four or five feet deeper than formerly and it was unsafe to drive a vehicle through. The raising of the level of the adjacent roadway made the bank opposite their land higher and the incline too steep for farm equipment. They could sometimes drive from the county road through the creek into their field, but only if the water was below normal level. They could not get implements for harvesting the crops out of the field, even at low water periods, due to the incline of the bank. Plaintiffs testified they lost about half their crops due to lack of access at harvest time in 1966, 1967, 1968 and 1969. The county commissioners attempted to restore the crossing several times during 1966 and 1967 by grading the banks and hauling gravel into the stream, but the crossings were washed out by the normal flow of the stream and by harvest time of each year were impassable.

In 1967, plaintiffs brought this action praying for $10,000 damages for loss due to flooding in Count I, for a mandatory injunction against defendants ordering them to restore access to plaintiffs' field in Count II, and for a mandatory injunction ordering defendants to restore the channel upstream to its former condition in Count III.

After trial to the court, plaintiffs were awarded judgment based upon Count II only, a mandatory injunction against defendants to provide access across the stream. Plaintiffs appeal from the judgment denying money damages for flooding (Count I), and denying a mandatory injunction ordering defendants to restore the upstream channel (Count III). Relief on Counts I and III was denied based upon the trial court's finding that plaintiffs' causes of action were

for permanent damages and that such damages were reasonably ascertainable when the levee broke in 1962. The court concluded as a matter of law that K. S. A. 60-513 (4), the two-year statute of limitations on tort actions, barred recovery on Counts I and III.

On appeal, plaintiffs assert their prayer in Count I was not for permanent damages from the channeling, but for temporary damages done by flood waters and erosion of the access crossing. Unfortunately, there was neither pretrial conference in this case, nor order clarifying the issues upon which the parties went to trial. We must rely upon the pleadings and evidence adduced at trial and as reproduced in the record on appeal for support of trial court's findings and conclusions as to plaintiffs' theory of recovery. The findings of fact of the trial court will not be disturbed on appeal if there is substantial competent evidence in the record to support them. (*Fine v. Neale Construction Co.,* 186 Kan. 537, 352 P. 2d 404; *Dennis v. Smith,* 186 Kan. 539, 352 P. 2d 405.)

Count I of the petition filed November 15, 1967, reads as follows:

"2. That some time after June, 1958, the defendant, through its agents, servants and employees, changed the course, current, and cross-section of a stream known as Thierer Branch within the State of Kansas and without the consent or permit of the Chief Engineer of the Division of Water Resources as required by K. S. A. 82a-301.

"3. That due to a lack of rainfall in the area of the above-mentioned change in the course, current, and cross-section of Thierer Branch, no apparent damage was done to the property of these plaintiffs prior to April of 1966.

"4. Thereafter and since April, 1966, the water flowing in Thierer Branch and as a result of the change in the course, current and cross-section of Thierer Branch, as above mentioned, has overflowed the property of these plaintiffs and has otherwise been diverted from its regular and normal channel, to the damage of these plaintiffs.

"WHEREFORE, plaintiffs pray that they have judgment against the defendant in the sum of $10,000.00 and their costs."

Considering the language of Count I and the testimony in connection therewith, we find ample support for the trial court's finding that plaintiffs sought permanent damages. Plaintiffs made no effort in the trial court to amend their pleadings to include temporary damages. Likewise, they made no effort to submit to the trial court the issue of temporary damages. The first assertion of temporary damages appears on appeal. An issue not presented to the trial court cannot be a subject for appellate review. (*Gray v. Ray Gill, Frontier Industries, Inc.,* 208 Kan. 95, 490 P. 2d 615.)

When damage to the land from flooding becomes permanent, the statute of limitations bars recovery two years after the permanent damage is reasonably ascertainable. (K. S. A. 60-513 [4].) The trial court in this case found that ". . . it could have been ascertained, from the damage caused in 1962, that the said channel change would cause damage at any interval of high water." This finding must be construed to include all damages from present and future flooding, as well as the incidental damage resulting from the destruction of the low-water crossing; therefore, plaintiffs' prayer for permanent damages caused by defendants' act in changing the channel was barred by the statute of limitations sometime in 1964. Plaintiffs brought this suit in 1967 and the trial court concluded as a matter of law that Counts I and III of their petition were barred by K. S. A. 60-513 (4). They assert the trial court's finding that permanent damage was reasonably ascertainable in 1962 has no evidentiary support because they did not introduce evidence of the amount of flood damage in 1962. In their evidence establishing a causal relationship between the channel change by defendants in 1959 and flood damage in 1966, they assert there was damage from flooding in 1962. After careful reading of the record we conclude the trial court's finding of fact that plaintiffs' cause of action accrued in 1962 is supported by the evidence.

Plaintiffs were awarded mandatory injunction ordering defendants to construct a passable crossing on Thierer Branch of McDowell Creek for plaintiffs' use. Defendants cross-appeal and assert the court erred in finding the destruction of the low-water crossing was the result of defendants' re-channeling the stream and raising Davis Creek Road opposite plaintiffs' land. Several engineers and present and former Geary County commissioners testified the stream channeling was done in connection with building a new bridge, and the bridge approaches on the road adjacent to plaintiffs' land were raised because high water sometimes made the bridge inaccessible. Plaintiffs' testimony that the grade from the creek to the road was increased and therefore more dangerous after the roadbed was raised and the channel straightened, supports the court's finding. It is of no consequence that there may have been contradictory evidence at the trial. It is the province of the trial court to determine what weight and credence will be given to the testimony of the witnesses.

Defendants assert as error the trial court's finding that actions

of the county in 1966 in attempting to restore the low-water cross-ing and rectify or mitigate the injury caused by the channel change in 1959 tolled the running of the statute of limitations. The court concluded the plaintiffs' remedy for lack of access prayed for in Count II was not barred by K. S. A. 60-513 (4) as in Counts I and III. We do not agree with the trial court's conclusion. Sub-sequent remedial conduct of defendants is not admissible to prove negligence or culpable conduct in connection with a prior event (K. S. A. 60-451).

Plaintiffs' cause of action for permanent damages encompasses past, present and future losses, and in this case includes plaintiffs' loss of the low-water crossing. Since their action for money dam-ages for loss of the low-water crossing is barred, such loss cannot be revitalized by seeking a remedy in the nature of a mandatory injunction. In view of this, we conclude the mandatory injunction requiring defendants to provide a low-water crossing for plaintiffs is barred and this portion of the judgment must be reversed.

The decision of the trial court is affirmed as to Counts I and III and reversed as to Count II.

Affirmed in part and reversed in part.